IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**CLAYTON STEVEN COLLINS,**

        Plaintiff,

    v.                                                            **Civil Action No. 5:24-CV-105**
                                                                          Judge Bailey

**DR. AYNE AMJAD,** Medical Director of
Correctional Healthcare, **DR. JAMES
BEANE,** In charge of Medical Dept., St.
Marys Prison, **CARLA DEEM,** RN,
**MELINDA GOFF,** and **JAMES
HERSELL III,**

        Defendants.

## <u>REPORT AND RECOMMENDATION</u>

Pending before this plaintiff's letter, filed *pro se*, which the Court construes as a Motion for Preliminary Injunction, [Doc. 13], filed July 18, 2024. Therein, plaintiff alleges he is being denied treatment despite medical staff "offering treatment to literally everyone around Plaintiff." [Id. at 1]. Plaintiff asks the Court to issue a preliminary injunction directing defendants to provide treatment in the Sublocade[1] program. This matter is assigned to the Honorable John Preston Bailey, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed

---

[1] As indicated by the West Virginia Department of Health and Human Resources, Sublocade is a medication containing buprenorphine and is used for the treatment of opioid use disorder. *See* https://dhhr.wv.gov/bms/BMS%20Pharmacy/Documents/Sublocade%20v2018.2a.pdf

findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned recommends the Motion be denied.

## I. BACKGROUND

In his underlying Complaint, plaintiff raises five claims. First, in Claim One, plaintiff alleges that Wexford employees acted "with complete deliberate indifference," allowing "people that are much further outside perimeters than what I've been told have been aloud (sic) in. While much stricter rules have been used on me." [Doc. 1 at 7]. Construing the *pro se* claims liberally, and read together with the attached grievance forms, *see* [Doc. 1-1], plaintiff appears to be referring to being denied being a part of a Subutex program despite other inmates being allowed to do so. In Claim Two, plaintiff claims that he, along with other prisoners, are told they are too far out from release to receive help. [Doc. 1 at 8]. In Claim Three, plaintiff alleges violations of the Health Insurance Portability and Accountability Act ("HIPAA") which he alleges occur "constantly." [Id.]. Fourth, plaintiff claims he is being denied medical services despite over a dozen requests and being called for an interview several times. [Id.] Finally, in Claim Five, plaintiff alleges cruel and unusual punishment by several defendants who he alleges have withheld medication. [Id.]. For relief, plaintiff asks the Court to get him treatment, to force the Division of Corrections and Rehabilitation to provide treatment to everyone who needs it, to punish the defendants, and to reimburse him unspecified damages. [Id. at 9].

On July 9, 2024, the undersigned conducted a preliminary review of the Complaint and determined summary dismissal was not appropriate. The undersigned directed the Clerk to issue summonses for the defendants, which according to the docket, have not

yet been served. On July 18, 2024, plaintiff filed the instant motion. In the Motion, plaintiff seeks a preliminary injunction directing defendants to provide plaintiff "with treatment with the Sublocade program, which could be any of us sublocade, subutex, or suboxone." [Doc. 13 at 2–3]. Plaintiff states that he tried Naltrexone at defendant Goff's direction but experienced terrible side effects. [Id. at 2]. He states that "Petitioner feels as these proceedings continue all the wrong doings will show themselfs (sic) and treatment will be inevitable, while delay keeps an at risk individual close to the ultimate sacrifice, of life." [Id. at 3].

## II. STANDARD OF REVIEW

### A. Requests for Injunctive Relief

A preliminary injunction may be granted under the authority of Federal Rule of Civil Procedure 65 after notice has been given to the adverse party. The Fourth Circuit explained the different functions of temporary restraining orders and preliminary injunctions in **Hoechst Diafoil Company v. Nan Ya Plastics Corporation**, 174 F.3d 411, 422 (4th Cir. 1999), as follows: "While a preliminary injunction preserves the status quo pending a final trial on the merits, a temporary restraining order is intended to preserve the status quo only until a preliminary injunction hearing can be held."

The Fourth Circuit reviews "a district court's decision to grant a preliminary injunction under an abuse-of-discretion standard." **International Refugee Assistance Project v. Trump**, 883 F.3d 233, 255–56 (4th Cir. 2018), *as amended* (Feb. 28, 2018). The standard for granting injunctive relief was articulated by the United States Supreme Court which held in **Winter v. Nat. Res. Def. Council, Inc.**, 555 U.S. 7, 20 (2008) that:

> A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.

As restated by the Fourth Circuit, when a plaintiff seeks the extraordinary remedy of a preliminary injunction:

> The plaintiff "need not establish a certainty of success, but must make a clear showing that he is likely to succeed at trial."  A plaintiff seeking a preliminary injunction must establish that (1) she is likely to succeed on the merits, (2) she is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in her favor, and (4) an injunction is in the public interest.

*Int'l Refugee*, 883 F.3d at 256 (citing ***WV Ass'n of Club Owners & Fraternal Servs., Inc. v. Musgrave***, 553 F.3d 292, 298 (4th Cir. 2009) (citing ***Winter***, 555 U.S. at 7)).   This standard becomes even more exacting when a plaintiff seeks a preliminary injunction that mandates action, as contrasted with the typical form of a preliminary injunction that merely preserves the status quo.   See ***East Tennessee Natural Gas Co. v. Sage***, 361 F.3d 808, 828 (4th Cir. 2004) (quoting ***Wetzel v. Edwards***, 635 F.2d 283, 286 (4th Cir. 1980)) (noting that "mandatory preliminary injunctions do not preserve the status quo and normally should be granted only in those circumstances when the exigencies of the situation demands such relief").

**B. *Pro se* Litigants**

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." **Haines v. Kerner**, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. **Neitzke v. Williams**, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in **Neitzke** recognized that:

> Section 1915(d)[2] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's

---

[2] The version of 28 U.S.C. § 1915(d) which was effective when **Neitzke** was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### III. ANALYSIS

Upon review of the Motion and Complaint, the undersigned finds that plaintiff does not meet the four-part **Winter** test for the issuance of a preliminary injunction. First, plaintiff is unlikely to succeed on the merits of his case. The Supreme Court has held that:

> Title 42 U.S.C. § 1983 provides a cause of action against "[e]very person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws...." The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.

**Wyatt v. Cole**, 504 U.S. 158, 161 (1992) (citing **Carey v. Piphus**, 435 U.S. 247, 254–257 (1978)). In **Gomez v. Toledo**, 446 U.S. 635 (1980), the Supreme Court succinctly stated what a plaintiff must allege to sustain a civil rights action:

> By the plain terms of § 1983, two—and only two—allegations are required in order to state a cause of action under that statute. First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law.

**Gomez**, 446 U.S. at 640.

"The Eighth Amendment, which prohibits infliction of 'cruel and unusual punishments,' U.S. Const. amend. VIII, applies to claims by prisoners against corrections

6

officials challenging conditions of confinement." *Porter v. Clarke*, 923 F.3d 348, 355 (4th Cir. 2019), as amended (May 6, 2019) (citation omitted). Deliberate indifference to serious medical needs of a prisoner constitutes a violation of the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "A deliberate indifference claim consists of two components, objective and subjective." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014). The objective component requires that the medical condition be "serious"— meaning one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would recognize the need for a doctor's attention. *Id*. The subjective component requires that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Here, the various claims made in the Complaint all point to the same alleged issue: plaintiff is seeking to be admitted to a Medically-Assisted Treatment program and/or to be prescribed Sublocade or other medication for opioid use disorder. Assuming, *arguendo*, plaintiff could establish the objective component of a deliberate indifference claim, it is not likely that he will be able to establish the subjective component, that defendants knew of and disregarded an excessive risk to inmate health or safety. Plaintiff alludes to the fact that defendant Goff had made a recommendation of Naltrexone for treating plaintiff's opioid use disorder, but plaintiff essentially disagrees with Goff and other defendants about the best course of treatment. This type of disagreement between and inmate and medical providers about the proper course of medication is generally not enough to

7

establish deliberate indifference. ***Jackson v. Lightsey***, 775 F.3d 170, 178 (4th Cir. 2014) (deliberate indifference claim based on a diagnosis of arrhythmia rather than a more serious condition and the resulting modification of prescriptions was essentially "a '[d]isagreement[ ] between an inmate and a physician over the inmate's proper medical care,' and we consistently have found such disagreements to fall short of showing deliberate indifference."); ***Dao v. Harold***, No. 7:22-CV-00554, 2023 WL 3304534 (W.D. Va. May 8, 2023) (Urbanski, J.) (dismissal on initial review of deliberate indifference claim related to doctor's decision to terminate inmate's Suboxone treatment because plaintiff had not alleged subjective component); *see also* ***Hymer v. Kross***, No. CV 3:22-1531, 2022 WL 17978265, at *6 (M.D. Pa. Dec. 28, 2022) (dismissing deliberate indifference claim based on inmate's removal from Suboxone program); ***Guillen v. ICE Health Serv. Corps***, No. C22-5894-DGE-MLP, 2023 WL 2529459, at *4 (W.D. Wash. Feb. 1, 2023), *report and recommendation adopted*, No. C22-5894-DGE, 2023 WL 2527149 (W.D. Wash. Mar. 15, 2023) (inmate's disagreement with decision to terminate Suboxone treatment was not deliberate indifference). Thus, the undersigned finds that plaintiff has not established that he is likely to succeed on the merits of his case.

Second, plaintiff has not established that he is likely to suffer irreparable harm in the absence of preliminary relief. Although the undersigned is cognizant that plaintiff has alleged that his life is in danger, this bare allegation is not supported by any specific allegations of facts which would establish this danger or which would show that preliminary relief should be granted in the absence of discovery in this case.

Third, plaintiff has failed to show that the balance of equities tips in his favor. Plaintiff has not shown that he is in imminent danger in the absence of being admitted to the Sublocade program, and thus plaintiff cannot demonstrate that fairness dictates the issuance of a preliminary injunction.

Finally, plaintiff has not demonstrated that an injunction is in the public interest. Although affording plaintiff his constitutional rights is a concern of public interest, his request is insufficient.  As a matter of policy, the undersigned finds it is not in the public interest at the outset of this case for the Court to order the defendants to provide a new, specific course of prescribed treatment to an inmate as a substitute for their own medical judgment and based only on the request of that inmate.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that plaintiff's Motion for Preliminary Injunction [**Doc. 13**] be **DENIED**.

The plaintiff shall have fourteen days from the date of entry of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**  A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals**. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the pro se plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket.

**DATED:**   July 19, 2024.

/s/ *James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE