IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**CLAYTON STEVEN COLLINS,**

      Plaintiff,

v.                                          **CIVIL ACTION No. 5:24-CV-105**
                                                  Judge Bailey

**DR. AYNE AMJAD,** Medical Director of
Correctional Healthcare, **DR. JAMES
BEANE,** In charge of Medical Dept., St.
Marys Prison, **CARLA DEEM,** RN,
**MELINDA GOFF,** and **JAMES
HERSELL III,**

      Defendants.

## ORDER

The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Mazzone [Doc. 15]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on July 19, 2024, wherein he recommends that respondent's Motion for Preliminary Injunction be denied. For the reasons that follow, this Court will adopt the R&R.

### I. BACKGROUND[1] & STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made.

---

[1] This Court fully adopts and incorporates herein the "Background" section of the R&R. *See* [Doc. 15 at 2–3].

However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." **Orpiano v. Johnson**, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. **Haines v. Kerner**, 404 U.S. 519, 520 (1972); **Gordon v. Leeke**, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. Plaintiff timely filed his objections to the R&R on August 7, 2024. *See* [Doc. 27]. Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

## II. DISCUSSION

In the R&R, Magistrate Judge Mazzone recommends this motion be denied. Specifically, Magistrate Judge Mazzone cites plaintiff's failure to meet the four-part **Winter** test for the issuance of preliminary injunction. **Winter v. Nat. Res. Def. Council, Inc.**, 555 U.S. 7, 20 (2008). See [Doc. 15 at 6].

Plaintiff objects generally to Magistrate Judge Mazzone's recommendation that the motion be denied. See [Doc. 27 at 1]. Plaintiff states that other inmates have received the treatment he is requesting and restates his argument that it is unfair for him to be excluded from the ability to get that same treatment. [Id. at 2–4]. Plaintiff, through a question at the end of his objections, objects to the amount of time left on a sentence influencing medical treatment. [Id. at 4]. Plaintiff does not object specifically to any of the conclusions or reasoning of Magistrate Judge Mazzone, but instead broadly objects to the unfairness of his being denied the medical treatment he requests. [Id. at 1–4].

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." **Green v. Rubenstein,** 644 F.Supp.2d 723, 730 (S.D. W.Va. 2009) (Johnston, J.) (citing **Orpiano v. Johnson,** 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." **Williams v. New York State Div. of Parole,** 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012).

A party waives any objection to an R&R that lacks adequate specificity. See *Mario v. P & C Food Markets, Inc.,* 313 F.3d 758, 766 (2d Cir. 2002) (finding that a party's objections to the magistrate judge's R&R were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendation . . . and unsupported by legal authority, [are] not sufficient." *Mario,* 313 F.3d at 766.

Plaintiff does not direct this Court to any specific error made by Magistrate Judge Mazzone. Instead, plaintiff reiterates his original claims and the circumstances surrounding those claims. See [Doc. 27 at 1–4]. Plaintiff does not address the Magistrate's findings regarding plaintiff's likelihood of success on the merits, the likelihood of irreparable harm to plaintiff, the balance of equities, nor whether this injunction would be in the public interest. As plaintiff fails to identify specific errors made by Magistrate Judge Mazzone, *de novo* review is unnecessary. See *Green*, 644 F.Supp.2d at 730 (citing *Orpiano*, 687 F.2d at 47 (4th Cir. 1982)).

### III. CONCLUSION

Aside from the arguments addressed herein, a *de novo* review of the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law. Accordingly, the magistrate judge's report and recommendation **[Doc. 15]** is hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Plaintiff's objections **[Doc. 27]** are **OVERRULED**. The Motion **[Doc. 13]** is hereby **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* plaintiff.

**DATED:** August 13, 2024.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE