Clayton Steven Collins,
        Plaintiff,

FILED

AUG 15 2024

U.S. DISTRICT COURT- WVND
WHEELING, WV 26003

Vs,                          Civil Action #: 5:24-CV-105

Dr. Ayne Amjad, Dr. James Beane,
Carla Deem, Melinda Goff,
James Hensell III,
            Defendants,


Plaintiff Clayton Steven Collins respectfully

objects to defendants "Motion to Dismiss". Plaintiff

has been asking for help since fall of 2023.

Since that time Plaintiff has witnessed countless

other's receive the help he is hoping for. During

this time Plaintiff has put in approximatally 20 Health

Service Request for help, but he's never been able

or even allowed to see or speak to Dr. Beane.

One time Plaintiff spoke to Carla Deem and

1/8

that wasn't till July, 31, 2024 and that was because of a yearly physical. During that the MAT program was briefly discussed, without any progress. In November of 2023, Plaintiff spoke to Melinda Goff and with hopes of recovery tried Naltrexone for 30 days. This had horrible side effects that included headache's that no relieve could be found for, stomach problems that started the very first moment in the morning with a sip of coffee or even water, and then the worse was dangerous levels of depression which called for visits to Mental Health Department and was going to require more medication. All of this led to Plaintiff

discontenuing the Naltrexone. At this point December 30 or 31, till July 31 medical wouldn't answer any Health Service Request, 7 months, about MAT program. It was in October of 2023, Plaintiff was part of "RSAT" the prison's residential drug abuse program. While in program Plaintiff failed a drug test for Buprenorphie and was kicked out of program. The prison is now discontinuing this program and not accepting anyone back because they won't be able to finish. If a person is in "RSAT" they automattically can start MAT program no matter how much time there serving. While at Mt. Olive, Plaintiff voluntared to take

"CBISA", Congnitive Behavioral Interventions for Substance Abuse" the prison's non-residential drug program, since "RSAT" wasn't available. In 2023 when Plaintiff started asking for help, he is told that "he has too much time till potential release", which at that time was approximatally 6 months. Still yet Delmar Parsons, Robert Legg and Michael Asbury all have a year or more till there potential release and are given a chance at this life saving opportunity. These were just one's personally known to Plaintiff and there was many more. Not only that, but there was so many already on program with all different amounts of time. Plaintiff's biggest concern is

4/8

the amount of time one is serving dictates medical treatment. Along with the treatment is not fair and impartial. Plaintiff would hope that in a prison everyone could be treated the same, across the board equal. Moving into 2024, there was allegedly changes to program, no time restrictions. Inmates are denied access to this policy, one would wonder if it truly has restrictions that prevent someone with a certain amount of time to get this help. Why would they not allow us to have access to policy? This policy is not listed restricted by head-quarters in Charleston. With that, numerous inmates who are still much farther outside the guildlines of the program of which are enforced on

5/8

Plaintiff. For instance Plaintiff personally knows a Cody Fostor and Michael Kandis both have at least 3 more years till potential release along with Michael Selman and Cliffton Martin who still have 2 or more years, so none of these guys could possibly have parole or even submit a home-plan. This is nowhere near the only special ones. OUD is a disorder that consumes a person and the risk that they'll take to stay well is nerveracking. When nation wide, Fentanyl kills so many people everyday, it forces one to worry if they'll be next. More than any prison wants to admit, drugs are constantly smuggled in, this is a serious and scary threat. Furthermore a prison has an

obligation to protect any inmate from all harm including from one's self. For instance, if one would claim to be suicidal, any and all prison staff immediately take action to protect that inmate. When an inmate tells staff there addicted to Opiates or even diagnosed with OUD, there's minimal expectation for help and absolute fear of repercussions. A Dr. Fingerhood can be quoted from Taylor V. Wexford Health Sources Inc 2024 — "Failing to initiate treatment of a Patient with untreated OUD with MOUD violates the standard of care because (like failing to continue MOUD) it is a failure to provide treatment for a chronic and often deadly

brain disorder". The Plaintiff watches everyday numerous others receive help, everyone should be treated equal. If a person is addicted to opiates and wants help, they should be able to get help when literally everyone around them can get it. OUD is a disability, the help is so close its tortwrous to watch. Plaintiff asks for an Attorney to help with this matter.

Clayton Collins

Clayton Steven Collins

2880 North Pleasants Highway
St. Marys   WV   25170

8/8