# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# Wheeling

**CLAYTON STEVEN COLLINS,**

           Plaintiff,

      v.                                              **Civil Action No.: 5:24-CV-105**
                                                        Judge Bailey

**DR. AYNE AMJAD,** Medical Director
of Correctional Healthcare, **DR. JAMES
BEANE,** In charge of Medical Dept., St.
Marys Prison, **CARLA DEEM,** RN,
**MELINDA GOFF,** and **JAMES HENSEL III,**

           Defendants.

## REPORT AND RECOMMENDATION

## I. Background

Plaintiff initiated this action on June 6, 2024, by filing a Complaint under 42 U.S.C. § 1983. Plaintiff is a state inmate housed at St Marys Correctional Center in St. Marys, West Virginia. On August 5, 2024, defendants Beane and Deem filed a Motion to Dismiss [Doc. 20], along with a memorandum in support. On August 15, 2024, plaintiff filed a response to the Motion, [Doc. 30]. On August 6, 2024, defendants Amjad and Hensel also filed a Motion to Dismiss [Doc. 24], along with a memorandum in support. On September 3, 2024, plaintiff filed a response to the Motion. [Doc. 41]. Finally, on August 28, 2024, defendant Goff filed a Motion to Dismiss [Doc. 36] and memorandum in support, and on September 12, 2024, plaintiff filed a response. [Doc. 42]. These matters are now fully briefed and ripe for decision. This matter is assigned to the Honorable John Preston Bailey, United States District Judge, and it is referred to the undersigned United States

Magistrate Judge for submission of proposed findings and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).  For the reasons that follow, the undersigned recommends that each of the three motions be granted and that this case be dismissed.

## II. The Complaint[1]

In his underlying Complaint, plaintiff raises five claims.  First, in Claim One, plaintiff alleges that Wexford employees acted "with complete deliberate indifference," allowing "people that are much further outside perimeters than what I've been told have been aloud (sic) in.  While much stricter rules have been used on me." [Doc. 1 at 7].  Construing the *pro se* claims liberally, and read together with the attached grievance forms, *see* [Doc. 1-1], plaintiff appears to be referring to being denied being a part of a Subutex program despite other inmates being allowed to do so.  In Claim Two, plaintiff claims that he, along with other prisoners, are told they are too far out from release to receive help.  [Doc. 1 at 8].  In Claim Three, plaintiff alleges violations of the Health Insurance Portability and Accountability Act ("HIPAA") which he alleges occur "constantly."  [Id.].  Fourth, plaintiff claims he is being denied medical services despite over a dozen requests and being called for an interview several times.  [Id.]  Finally, in Claim Five, plaintiff alleges cruel and unusual punishment by several defendants who he alleges have withheld medication.  [Id.].  For relief, plaintiff asks the Court to get him treatment, to force the Division of Corrections and Rehabilitation to provide treatment to everyone who needs it, to punish the defendants, and to reimburse him unspecified damages.  [Id. at 9].

---

[1] This section is taken from the undersigned's July 19 Report and Recommendation, [Doc. 15].

### III. Motions to Dismiss

Defendants have filed three separate motions to dismiss.  First, defendants Beane and Deem filed a Motion to Dismiss on August 5, 2024.  [Doc. 20].  In their memorandum in support, the defendants argue that plaintiff has failed to allege the subjective component of an Eighth Amendment claim for deliberate indifference to a serious medical need.  Further, in regards to defendant Deem, they argue that the grievances attached to the Complaint show that Ms. Deem stated plaintiff was eligible to start Naltrexone, and that mere disagreement with a course of treatment does not constitute an Eighth Amendment claim.  [Doc. 21 at 6].  In his response, plaintiff alleges that he tried Naltrexone but suffered "horrible side effects."  [Doc. 30 at 2].  Further, he argues the selection of inmates for the Subutex program is not fair and impartial.  [Id. at 5].

Second, defendants Amjad and Hensel filed a Motion to Dismiss on August 6, 2024.  These defendants argue they are entitled to immunity because plaintiff has sued them only in their official capacities and has not made any allegations specific to them.  [Doc. 25 at 3–4].  Further, they argue that plaintiff simply disagrees with the course of treatment selected for him and has not alleged an Eighth Amendment violation.  [Id. at 9].  In the alternative, these defendants argue they are entitled to qualified immunity.  [Id. at 11–15].  In his response, plaintiff argues that defendants have a duty to protect plaintiff in their official capacities.  [Doc. 41 at 1].  He further asserts that his claim encompasses a claim for equal protection under the Fourteenth Amendment.  [Id. at 4].

Finally, defendant Goff filed a Motion to Dismiss on August 28, 2024.  [Doc. 36].  Similarly to defendants Beane and Deem, defendant Goff argues that plaintiff has failed

to allege that Goff had the subjective intent necessary to establish an Eighth Amendment claim for deliberate indifference. [Doc. 37 at 4–6]. In his response, plaintiff again reiterates that he experienced horrible side effects while taking Naltrexone and argues that other medications have become the standard of care. [Doc. 42 at 1–2].

### IV. Standard of Review

**A.    Section 1983 Claims**

The Supreme Court has held that:

> Title 42 U.S.C. § 1983 provides a cause of action against "[e]very person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws...." The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.

***Wyatt v. Cole***, 504 U.S. 158, 161 (1992) (citing ***Carey v. Piphus***, 435 U.S. 247, 254–257 (1978)). In ***Gomez v. Toledo***, 446 U.S. 635 (1980), the Supreme Court succinctly stated what a plaintiff must allege to sustain a civil rights action:

> By the plain terms of § 1983, two—and only two—allegations are required in order to state a cause of action under that statute. First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law.

***Gomez***, 446 U.S. at 640.

**B.    Motion to Dismiss**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." ***Republican Party of N.C. v. Martin***, 980 F.2d 943, 952 (4th

4

Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In *Twombly*, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Conley*, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. (citations omitted), to one that is "plausible on its face," [*Id*. at 570], rather than merely "conceivable." *Id*. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 279, 281 (4th Cir. 2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in *Ashcroft v. Iqbal*, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. *Id*.

## VI. Analysis

**A.     Defendants Amjad and Hensel's Motion to Dismiss.**

Turning first to the Motion to Dismiss filed by defendants Amjad and Hensel, the undersigned finds that these defendants are entitled to dismissal because plaintiff has named them only in their official capacity.  42 U.S.C. § 1983 creates a cause of action against any "*person* who" acts under color of law.  (emphasis added).  Actions authorized under § 1983 are intended to "deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights."  **Wyatt v. Cole**, 504 U.S. 158, 161 (1992).  Critically, complaints in § 1983 actions must allege that some person has deprived him of a federal right.   **Gomez v. Toledo**, 446 U.S. 635, 640 (1980).   The Eleventh Amendment bars such suits against the State, and § 1983 does not provide an exception.  "Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity[.]"  **Will v. Michigan Dep't of State Police**, 491 U.S. 58, 66 (1989) (citing **Quern v. Jordan**, 440 U.S. 332 (1979)).  "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."  **Will**, 491 U.S. at 71.

Defendants Amjad and Hensel argue that they are sued only in their official capacities.  [Doc. 25 at 3].  They argue that plaintiff has made no specific allegations against either defendant and that they have clearly been named only based upon the positions they hold.  [Id.].  Indeed, plaintiff alleges that Dr. Amjad, as Medical Director of Correctional Healthcare, works "over top program the problem is with."  [Doc. 1 at 2].

Likewise, plaintiff alleges that Dr. Hensel is "now in charge of referrals," presumably meaning referrals to the program. [Id. at 3]. Although plaintiff names these defendants at the end of several of his claims, he does not make any specific allegations against either defendant. Thus, it appears plaintiff has named these defendants only in their official capacity and they should thus be dismissed. Indeed, in his response to the Motion, plaintiff doubles-down on this argument, arguing that these defendants, in their official capacity, have a duty to protect plaintiff from self-injury. [Doc. 41 at 1], citing **Lee v. Downs**, 641 F.2d 1117, 1121 (4th Cir. 1981). But the existence of such duty is not in dispute here; plaintiff has named these defendants only in their official capacity and has not alleged how they have violated this duty.

Likewise, to the extent plaintiff contends these defendants are liable by virtue of their supervisory roles, he has not alleged the elements of supervisory liability for a § 1983 claim against either defendant. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." **Ashcroft v. Iqbal**, 556 U.S. 662, 676 (2009). "Because vicarious liability is inapplicable to **Bivens** and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id*. "A **Bivens** claim is brought against the individual official for his or her own acts, not the acts of others." **Ziglar v. Abassi**, 137 S.Ct. 1843, 1860 (2017).

Supervisory liability under § 1983 is established when three elements are met:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices,"; and (3) that there was an "affirmative causal link" between the

7

supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

**Shaw v. Stroud**, 13 F.3d 791, 799 (4th Cir. 1994). The Court further explained that, "[t]o satisfy the requirements of the first element, a plaintiff must show the following: (1) the supervisor's knowledge of (2) conduct engaged in by a subordinate (3) where the conduct poses a pervasive and unreasonable risk of constitutional injury to the plaintiff." *Id*. at 799 (citing **Slakan v. Porter**, 737 F.2d 368 (4th Cir. 1984)).

"Constructive notice can be alleged in multiple ways, including the existence of written reports of conditions at a detention facility, or a supervisor's high level of responsibility coupled with the violations alleged to have occurred on her or his watch." **Jones v. Murphy**, 470 F. Supp. 2d 537, 546 (D. Md. 2007). "[I]t has been established that the plaintiff bears a heavy burden of proof which cannot be satisfied by pointing to a single incident or isolated incidents because 'a supervisor cannot be expected to promulgate rules and procedures covering every conceivable occurrence within the area of his responsibility.'" **Leonard v. Starkey**, No. 1:14-CV-42, 2017 WL 354851, at *8 (N.D. W.Va. Jan. 24, 2017) (quoting **Slakan v. Porter**, 737 F.2d 368, 373 (4th Cir. 1984)).

Turning to the second element, "[a] plaintiff may establish deliberate indifference by demonstrating a supervisor's 'continued inaction in the face of documented widespread abuses'; however, a plaintiff claiming deliberate indifference 'assumes a heavy burden of proof." **Shaw**, 13 F.3d at 799. "Causation is established when the plaintiff demonstrates an "affirmative causal link" between the supervisor's inaction and the harm suffered by the plaintiff." *Id*.

Finally, the third element can be established "when the plaintiff demonstrates an 'affirmative causal link' between the supervisor's inaction and the harm suffered by the

8

plaintiff." **Shaw**, 13 F.3d at 799 (citations omitted). "Establishing a 'pervasive' and 'unreasonable' risk of harm requires evidence that the conduct is widespread, or at least has been used on several different occasions and that the conduct engaged in by the subordinate poses an unreasonable risk of harm of constitutional injury." **Shaw**, 13 F.3d at 799.

Here, plaintiff has not provided allegations which would establish any of the three elements of supervisory liability against defendants Amjad and Hensel. Accordingly, their Motion to Dismiss should be granted.[2]

### B.    Defendants Beane and Deem's Motion to Dismiss.

Turning next to the Motion to Dismiss filed by defendants Beane and Deem, the undersigned finds that plaintiff has failed to establish deliberate indifference on the part of either defendant. "The Eighth Amendment, which prohibits infliction of 'cruel and unusual punishments,' U.S. Const. amend. VIII, applies to claims by prisoners against corrections officials challenging conditions of confinement." **Porter v. Clarke**, 923 F.3d 348, 355 (4th Cir. 2019), as amended (May 6, 2019) (citation omitted). Deliberate indifference to serious medical needs of a prisoner constitutes a violation of the Eighth Amendment. **Estelle v. Gamble**, 429 U.S. 97, 104 (1976). "A deliberate indifference claim consists of two components, objective and subjective." **Jackson v. Lightsey**, 775 F.3d 170, 178 (4th Cir. 2014). The objective component requires that the medical

---

[2] The undersigned notes that in his response to this Motion to Dismiss, plaintiff also frames his claim as one brought under the Fourteenth Amendment, following a citation from **Taylor v. Wexford Health Sources, Inc.**, No. 2:23-CV-00475, 2024 WL 2978782 (S.D. W.Va. June 13, 2024) (Berger, J.). Regardless of how his claim is framed, plaintiff is unable to bring these claims under § 1983 against defendants in their *official* capacities, and he is unable to establish supervisory liability against these defendants.

condition be "serious"—meaning one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would recognize the need for a doctor's attention. *Id*. The subjective component requires that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." **Farmer v. Brennan**, 511 U.S. 825, 837 (1994).

Defendants argue that plaintiff has failed to allege that either of these defendants had subjective knowledge of plaintiff's serious medical condition and ignored it. Plaintiff alleges that Dr. Beane is "over medical department and personal (sic) where problem is on going" and that Nurse Deem is the "on and off gate keeper to program." [Doc. 1 at 2–3]. The undersigned agrees that the Complaint does not allege the subjective intent required to show deliberate indifference. According to the attachments to the Complaint, *see* [Doc. 1-1 at 8], plaintiff's opioid use disorder has also been treated by prison staff with Naltrexone. In his response to the Motion to Dismiss, plaintiff alleges that he discontinued the Naltrexone due to severe side effects.[3] However, this, at most, appears to be a disagreement between plaintiff and defendants over the proper course of treatment. As set forth in the undersigned's Report and Recommendation on plaintiff's motion for a preliminary injunction, this type of disagreement between an inmate and medical providers about the proper course of medication is generally not enough to

---

[3] The undersigned acknowledges that the allegations made in plaintiff's response are not in the Complaint and thus not part of his claim. However, in the interests of construing the *pro se* plaintiff's pleadings liberally and in adjudicating the claims on the merits, the undersigned has considered the included allegations for purposes of this Report and Recommendation.

establish deliberate indifference. *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (deliberate indifference claim based on a diagnosis of arrhythmia rather than a more serious condition and the resulting modification of prescriptions was essentially "a '[d]isagreement[ ] between an inmate and a physician over the inmate's proper medical care,' and we consistently have found such disagreements to fall short of showing deliberate indifference."); *Dao v. Harold*, No. 7:22-CV-00554, 2023 WL 3304534 (W.D. Va. May 8, 2023) (Urbanski, J.) (dismissal on initial review of deliberate indifference claim related to doctor's decision to terminate inmate's Suboxone treatment because plaintiff had not alleged subjective component); see also *Hymer v. Kross*, No. CV 3:22-1531, 2022 WL 17978265, at *6 (M.D. Pa. Dec. 28, 2022) (dismissing deliberate indifference claim based on inmate's removal from Suboxone program); *Guillen v. ICE Health Serv. Corps*, No. C22-5894-DGE-MLP, 2023 WL 2529459, at *4 (W.D. Wash. Feb. 1, 2023), *report and recommendation adopted*, No. C22-5894-DGE, 2023 WL 2527149 (W.D. Wash. Mar. 15, 2023) (inmate's disagreement with decision to terminate Suboxone treatment was not deliberate indifference). Accordingly, the undersigned finds that plaintiff has failed to meet the subjective prong of deliberate indifference against defendants Dr. Beane and Nurse Deem.

Further, to the extent plaintiff seeks to bring a claim against Nurse Deem for violation of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), the act does not provide a private cause of action and plaintiff is thus unable to enforce such right under § 1983. See *Payne v. Taslimi*, 998 F.3d 648, 660 (4th Cir. 2021) ("HIPAA does not expressly allow for a private cause of action but delegates enforcement authority to the Secretary of the Department of Health and Human Services, reflecting Congress's

intent to forgo creating a private remedy.").

### C. Defendant Goff's Motion to Dismiss.

Finally, the undersigned finds that defendant Goff's Motion to Dismiss should be granted for the same reasons as Nurse Deem's. Goff argues that plaintiff has failed to make any specific allegations which would establish the subjective component of a deliberate indifference claim. Similar to Nurse Deem, plaintiff alleges that defendant Goff is the "on and off again gate keeper to program, sometimes superviser (sic)." [Doc. 1 at 3]. Plaintiff does not allege any facts which would establish the subjective component of deliberate indifference as to defendant Goff. Further, to the extent plaintiff alleges she is liable in a supervisory capacity, these claims fail for the same reasons as above—plaintiff is unable to establish any of the three prongs necessary to establish supervisory liability. Likewise, for the same reasons as above, plaintiff is unable to bring a separate HIPAA claim against defendant Goff.

### VII. Recommendation

For the reasons set forth above, the undersigned **RECOMMENDS** that the pending Motions to Dismiss [**Docs. 20, 24, & 36**] be **GRANTED** and that this case be **DISMISSED WITH PREJUDICE**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless

accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is **DIRECTED** to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further **DIRECTED** to provide copies of this Report and Recommendation to all counsel of record herein.

**DATED**: September 20, 2024.

/s/ *James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE